IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FLIGHTSAFETY SERVICES CORP., )
)
    Plaintiff, )
) No. 20-95C
v. ) (Judge Hertling)
)
THE UNITED STATES, )
)
    Defendant. )

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and avers as follows:

1.    Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.[1]

2.    Admits.

3.    The allegation contained in paragraph 3 constitutes a conclusion of law, to which no answer is required.

4.    Admits the allegation contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

5.    The allegation contained in paragraph 5 constitutes a conclusion of law, to which no answer is required.

6.    Admits the allegation contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

7.    The allegation contained in paragraph 7 constitutes a conclusion of law, to which

---

[1] The allegations contained in the "Introduction" section preceding paragraph 1, to the extent not duplicative of the numbered paragraphs that follow it, constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

no answer is required.

8.    Admits.

9.    Denies.

10.   Denies.

11.   Admits the allegation contained in paragraph 11 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

12.   Admits the allegation contained in paragraph 12 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

13.   Admits the allegation contained in paragraph 13 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

14.   Admits the allegation contained in paragraph 14 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

15.   Admits the allegation contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

16.   Denies the allegation contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to its truth.

17.   Denies the allegation contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to its truth.

18.   Admits the allegation contained in paragraph 18 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

19.   Admits the allegation contained in paragraph 19 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

20.   Admits the allegation contained in paragraph 20 to the extent supported by the

document quoted, which is the best evidence of its contents; otherwise denies the allegation.

21.    Admits the allegation contained in paragraph 21 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

22.    Admits the allegation contained in paragraph 22 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

23.    Admits the allegation contained in paragraph 23 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

24.    Admits the allegation contained in paragraph 24 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

25.    Denies the allegation contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to its truth.

26.    Denies the allegation contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to its truth.

27.    Admits the allegation contained in paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

28.    Admits.

29.    Admits the allegation contained in the first sentence of paragraph 29. Admits the allegations contained in the remainder of the paragraph to the extent supported by the contract referenced in the previous paragraph, which is the best evidence of its contents; otherwise denies the allegation.

30.    Admits the allegation contained in paragraph 30 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

31.    Admits the allegation contained in paragraph 31 to the extent supported by the

3

contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

32.     Admits the allegation contained in paragraph 32 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

33.     Admits the allegation contained in paragraph 33 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

34.     Admits the allegation contained in paragraph 34 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

35.     Admits the allegation contained in paragraph 35 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

36.     Admits the allegation contained in paragraph 36 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

37.     Admits the allegation contained in paragraph 37 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

38.     Admits the allegation contained in paragraph 38 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

39.     Admits the allegation contained in paragraph 39 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegation.

40.     Admits the allegation contained in paragraph 40 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegation.

41.     Admits the allegation contained in paragraph 41 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

42.     Admits the allegation contained in paragraph 42 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

4

43.     Admits the allegation contained in paragraph 43 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

44.     Admits the allegation contained in paragraph 44 to the extent supported by the contract quoted, which is the best evidence of its contents; otherwise denies the allegation.

45.     Admits the allegations contained in paragraph 45 to the extent supported by the contract and regulation cited, which are the best evidence of their contents; otherwise denies the allegation.

46.     Denies.

47.     Admits the allegation contained in the first sentence of paragraph 47. Denies the allegation contained in the remainder of the paragraph.

48.     Admits the allegation contained in paragraph 48 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

49.     Admits.

50.     Admits the allegation contained in paragraph 50 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

51.     Admits.

52.     Admits the allegation contained in paragraph 52 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

53.     Admits.

54.     Admits the allegation contained in paragraph 54 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

55.     Admits the allegation contained in paragraph 55 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

56.     Admits.

57.     Admits the allegation contained in paragraph 57 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

58.     Admits the allegation contained in paragraph 58 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

59.     Admits the allegation contained in paragraph 59 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

60.     Admits.

61.     Denies.

62.     Denies the allegations contained in paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63.     Denies the allegation contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to its truth.

64.     Denies the allegation contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to its truth.

65.     Denies the allegation contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to its truth.

66.     Admits the allegation contained in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

67.     Admits the allegation contained in paragraph 67 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

68.     Denies the allegation contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to its truth.

69.     Admits.

70.     Admits the allegation contained in paragraph 70 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

71.     Admits the allegation contained in paragraph 71 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

72.     Admits the allegation contained in paragraph 72 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

73.     Admits the allegation contained in paragraph 73 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegation.

74.     Admits the allegations contained in paragraph 74 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegations.

75.     Admits the allegations contained in paragraph 75 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegations.

76.     Admits the allegations contained in paragraph 76 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegations.

77.     Admits the allegations contained in paragraph 77 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegations.

78.     The allegation contained in paragraph 78 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

79.     Admits the allegation contained in paragraph 79 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegation.

80.     Admits the allegations contained in paragraph 80 to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise denies the allegations.

81.    Admits the allegation contained in paragraph 81 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

82.    The allegation contained in paragraph 82 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

83.    Denies.

84.    Admits the allegation contained in paragraph 84 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

85.    Admits the allegation contained in paragraph 85 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

86.    The allegation contained in paragraph 86 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

87.    Admits the allegation contained in paragraph 87 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

88.    Admits the allegation contained in paragraph 88 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

89.    Admits the allegation contained in paragraph 89 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

90.    Admits the allegation contained in paragraph 90 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

91.    Admits the allegation contained in the first sentence of paragraph 91 to the extent supported by contract cited, which is the best evidence of its contents; otherwise denies the allegation.  The allegation contained in the remainder of the paragraph constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is

denied.

92.    Admits the allegation contained in paragraph 92 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation.

93.    Admits the allegation contained in paragraph 93 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegation.

94.    Admits the allegation contained in paragraph 94 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegation.

95.    Admits the allegation contained in paragraph 95 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegation.

96.    Admits the allegations contained in the first three clauses of paragraph 96 (through "aircraft"). Denies the allegation contained in the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to its truth.

97.    Denies the allegation contained in paragraph 97 for lack of knowledge or information sufficient to form a belief as to its truth.

98.    Admits.

99.    Denies the allegation contained in paragraph 99 for lack of knowledge or information sufficient to form a belief as to its truth.

100.    Admits the allegation contained in paragraph 100, as to the content of the documents only, to the extent supported by the documents referenced, which is the best evidence of their contents; otherwise denies the allegation.

101.    Denies the allegation contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to its truth.

102.    Denies the allegation contained in paragraph 102 for lack of knowledge or

information sufficient to form a belief as to its truth.

103.    Denies the allegation contained in paragraph 103 for lack of knowledge or information sufficient to form a belief as to its truth.

104.    Admits the allegation contained in paragraph 104 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

105.    Admits the allegation contained in paragraph 105 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

106.    Denies the allegation contained in paragraph 106 for lack of knowledge or information sufficient to form a belief as to its truth.

107.    Admits the allegation contained in paragraph 107 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

108.    Admits the allegation contained in paragraph 108 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

109.    Denies the allegation contained in paragraph 109 for lack of knowledge or information sufficient to form a belief as to its truth.

110.    The allegation contained in paragraph 110 constitutes a conclusion of law, to which no answer is required.

111.    Denies the allegation contained in paragraph 111 for lack of knowledge or information sufficient to form a belief as to its truth.

112.    Denies the allegation contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to its truth.

113.    Denies the allegation contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to its truth.

114.    Denies the allegation contained in paragraph 114 for lack of knowledge or information sufficient to form a belief as to its truth.

115.    Denies the allegation contained in paragraph 115 for lack of knowledge or information sufficient to form a belief as to its truth.

116.    Admits the allegation contained in paragraph 116, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

117.    Admits the allegation contained in paragraph 117, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

118.    Admits the allegation contained in paragraph 118, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

119.    Denies the allegation contained in paragraph 119 for lack of knowledge or information sufficient to form a belief as to its truth.

120.    Admits the allegation contained in paragraph 120, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

121.    Admits the allegation contained in paragraph 120, as to the content of the communication only, to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

122.    Denies the allegation contained in paragraph 122 for lack of knowledge or information sufficient to form a belief as to its truth.

123.    The allegation contained in paragraph 123 constitutes a conclusion of law, to which no answer is required.

124.    Denies the allegation contained in paragraph 124 for lack of knowledge or information sufficient to form a belief as to its truth.

125.    Admits the allegation contained in paragraph 125, as to the content of the communication only, to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

126.    Admits the allegation contained in paragraph 126, as to the content of the communication only, to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

127.    Denies the allegation contained in paragraph 127 for lack of knowledge or information sufficient to form a belief as to its truth.

128.    Denies the allegation contained in paragraph 128 for lack of knowledge or information sufficient to form a belief as to its truth.

129.    The allegation contained in paragraph 129 constitutes a conclusion of law, to which no answer is required.

130.    Denies the allegation contained in paragraph 130 for lack of knowledge or information sufficient to form a belief as to its truth.

131.    Denies the allegation contained in paragraph 131 for lack of knowledge or information sufficient to form a belief as to its truth.

132.    Denies the allegation contained in paragraph 132 for lack of knowledge or information sufficient to form a belief as to its truth.

133.    Denies the allegation contained in paragraph 133 for lack of knowledge or

information sufficient to form a belief as to its truth.

134.   Denies the allegation contained in paragraph 134 for lack of knowledge or information sufficient to form a belief as to its truth.

135.   Admits the allegations contained in paragraph 135, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

136.   Denies the allegation contained in paragraph 136 for lack of knowledge or information sufficient to form a belief as to its truth.

137.   Denies the allegation contained in paragraph 137 for lack of knowledge or information sufficient to form a belief as to its truth.

138.   Admits the allegation contained in paragraph 138, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

139.   Admits the allegation contained in paragraph 139, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

140.   Admits the allegation contained in paragraph 140, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

141.   Admits the allegation contained in paragraph 141 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegation.

142.   Denies the allegation contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to its truth.

13

143.     Denies the allegation contained in paragraph 143 for lack of knowledge or information sufficient to form a belief as to its truth.

144.     The allegation contained in paragraph 144 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

145.     Denies the allegation contained in paragraph 145 for lack of knowledge or information sufficient to form a belief as to its truth.

146.     Denies the allegation contained in paragraph 146 for lack of knowledge or information sufficient to form a belief as to its truth.

147.     Denies the allegation contained in paragraph 147 for lack of knowledge or information sufficient to form a belief as to its truth.

148.     Denies the allegation contained in paragraph 148 for lack of knowledge or information sufficient to form a belief as to its truth.

149.     Denies the allegation contained in paragraph 149 for lack of knowledge or information sufficient to form a belief as to its truth.

150.     Admits the allegation contained in paragraph 150, as to the content of the communication only, to the extent supported by plaintiff's February 3, 2015 letter; otherwise denies the allegation.

151.     Admits that Production Option 1 was exercised on or about August 19, 2015; otherwise denies the allegations contained in paragraph 151 for lack of knowledge of information sufficient to form a belief as to their truth.

152.     The allegation contained in paragraph 152 constitutes plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied for lack of knowledge or information sufficient to form a belief as to its truth.

153.    Denies.

154.    The allegation contained in paragraph 154 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

155.    Denies the allegations contained in paragraph 155 for lack of knowledge or information sufficient to form a belief as to their truth.

156.    Denies the allegation contained in paragraph 156 for lack of knowledge or information sufficient to form a belief as to its truth.

157.    Denies the allegation contained in paragraph 157 for lack of knowledge or information sufficient to form a belief as to its truth.

158.    Denies the allegation contained in paragraph 158 for lack of knowledge or information sufficient to form a belief as to its truth.

159.    Denies the allegation contained in paragraph 159 for lack of knowledge or information sufficient to form a belief as to its truth.

160.    Denies the allegation contained in paragraph 160 for lack of knowledge or information sufficient to form a belief as to its truth.

161.    Denies the allegations contained in paragraph 161 for lack of knowledge or information sufficient to form a belief as to their truth.

162.    Denies the allegation contained in paragraph 162 for lack of knowledge or information sufficient to form a belief as to its truth.

163.    Denies the allegations contained in paragraph 163 for lack of knowledge or information sufficient to form a belief as to their truth.

164.    Admits the allegation contained in paragraph 164, as to the content of the communication only, to the extent supported by the document quoted, which is the best evidence

of its contents; otherwise denies the allegation.

165. Denies the allegation contained in paragraph 165 for lack of knowledge or information sufficient to form a belief as to its truth.

166. Denies.

167. Avers that Modification No. P00010 was executed by the Government on or about January 18, 2017.

168. Admits the allegation contained in the first sentence of paragraph 168 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation. Denies the allegation contained in the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to its truth.

169. The allegation contained in paragraph 169 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

170. Denies.

171. Denies the allegations contained in paragraph 171 for lack of knowledge or information sufficient to form a belief as to their truth.

172. Denies the allegation contained in paragraph 172 for lack of knowledge or information sufficient to form a belief as to its truth.

173. Admits that the Air Force exercised Production Option 2 on or about May 31, 2017; otherwise denies the allegations contained in paragraph 173 for lack of knowledge of information sufficient to form a belief as to their truth.

174. Denies the allegation contained in paragraph 174 for lack of knowledge or information sufficient to form a belief as to its truth.

175. Denies the allegations contained in paragraph 175 for lack of knowledge or

information sufficient to form a belief as to their truth.

176. Denies the allegation contained in paragraph 176 for lack of knowledge or information sufficient to form a belief as to its truth.

177. The allegation contained in paragraph 177 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

178. Admits that the Air Force exercised Production Option 3 on or about April 30, 2018; otherwise denies the allegations contained in paragraph 178 for lack of knowledge of information sufficient to form a belief as to their truth.

179. Admits the allegation contained in paragraph 179, except as to precise day in January 2019 when the first aircraft was delivered, which portion of the allegation is denied for lack of knowledge or information sufficient to form a belief as to its truth.

180. Admits.

181. Admits.

182. Admits the allegations contained in paragraph 182, as to the content of the communication only, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

183. Admits.

184. Admits the allegations contained in paragraph 184 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

185. Admits the allegation contained in paragraph 185 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

186. Denies the allegation contained in paragraph 186 for lack of knowledge or information sufficient to form a belief as to its truth.

187.    Denies the allegation contained in paragraph 187 for lack of knowledge or information sufficient to form a belief as to its truth.

188.    Admits.

189.    The foregoing responses are incorporated by reference.

190.    The allegation contained in paragraph 190 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

191.    The allegation contained in paragraph 191 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

192.    Avers that the Air Force is aware that the KC-46 contract has not been completed on the schedule originally contemplated.

193.    Denies.

194.    Denies.

195.    The allegation contained in paragraph 195 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

196.    The allegation contained in paragraph 196 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

197.    Denies.

198.    The allegation contained in paragraph 198 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

199.    The allegation contained in paragraph 199 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

200.    Denies.

201.    Denies.

202.    The allegations contained in paragraph 202 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

203.    The allegation contained in paragraph 203 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

204.    The allegation contained in paragraph 204 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

205.    The foregoing responses are incorporated by reference.

206.    The allegation contained in paragraph 206 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

207.    The allegation contained in paragraph 207 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

208.    The allegation contained in paragraph 208 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

209.    Denies.

210.    Avers, consistent with the above responses to more specific allegations and quotations, that plaintiff has made written assertions of this nature.

211.     The allegation contained in paragraph 211 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

212.    The allegations contained in paragraph 212 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

213.    The allegations contained in paragraph 213 constitute conclusions of law, to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

214.    The foregoing responses are incorporated by reference.

215.    The allegation contained in paragraph 215 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

216.    The allegation contained in paragraph 216 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

217.    Denies the allegations contained in paragraph 217 for lack of knowledge or information sufficient to form a belief as to their truth.

218.    Admits the allegation contained in paragraph 218 to the extent supported by the contract provisions cited, which are the best evidence of their contents; otherwise denies the allegation.

219.    Admits the allegation contained in paragraph 219 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegation.

220.    Denies.

221.    The allegation contained in paragraph 221 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

222.    Denies.

223.    Denies.

224.    Denies.

225.    Denies the allegations contained in the first sentence of paragraph 225. Denies the allegations contained in the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

226.    Denies.

227.    The allegations contained in paragraph 227 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228.    The foregoing responses are incorporated by reference.

229.    Admits.

230.    Denies.

231.    The allegation contained in paragraph 231 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

232.    Avers that the referenced programs coordinate as appropriate.

233.    The allegation contained in paragraph 233 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

234.    Denies.

235.    Denies.

236.    Denies.

237.    Denies.

238.    Denies.

239.    The allegations contained in paragraph 239 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

240.    The foregoing responses are incorporated by reference.

241.    The allegation contained in paragraph 241 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

242.   The allegation contained in the first sentence of paragraph 242 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the allegation contained in the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to its truth.

243.   Denies the allegation contained in paragraph 243 for lack of knowledge or information sufficient to form a belief as to its truth.

244.   Admits.

245.   The allegation contained in paragraph 245 constitutes a conclusion of law, to which no answer is required.

246.   The allegation contained in paragraph 246 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

247.   Denies the allegations contained in paragraph 247 for lack of knowledge or information sufficient to form a belief as to their truth.

248.   The allegation contained in paragraph 248 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

249.   The allegation contained in paragraph 249 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

250.   The allegations contained in paragraph 250 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

251.   The foregoing responses are incorporated by reference.

252.   The allegation contained in paragraph 252 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

253.     The allegation contained in paragraph 253 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

254.     The allegation contained in paragraph 254 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

255.     The allegation contained in paragraph 255 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

256.     The allegation contained in paragraph 256 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

257.     The allegation contained in paragraph 257 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

258.     The allegation contained in paragraph 258 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

259.     The allegation contained in paragraph 259 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

260.     Denies.

261.     The allegation contained in paragraph 261 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

262.     The allegation contained in paragraph 262 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

263.     The allegations contained in paragraph 263 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

264.     Denies each and every allegation not previously admitted or otherwise qualified.

23

265.   Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 263, or to any relief whatsoever.

266.   Avers that plaintiff's claim is barred by its assumption of risks regarding the availability and timing of data from the Boeing Company.

267.   Avers that part or all of plaintiff's claim may be barred by the doctrine of prior material breach, inasmuch as plaintiff failed to satisfy its own contractual obligations, including with respect to obtaining necessary data, failure to make timely deliveries, recruiting and retaining necessary personnel, maintaining device availability, or otherwise.

268.   Avers that part or all of plaintiff's claim may be barred by release, waiver, or accord and satisfaction to the extent that a contract modification or other agreement covers or forecloses any portion of the relief plaintiff seeks in this case.

269.   Avers that, to the extent plaintiff failed to avoid unnecessary costs, its claim may be barred in part or whole by its failure to mitigate damages.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

24

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

JOSEPHINE R. FARINELLI
LT. COL. JOHN C. DEGNAN
Trial Attorneys
Air Force Legal Operations Agency
Commercial Law & Litigation Directorate
1500 Perimeter Road, Suite 4100
Joint Base Andrews, MD 20762

/s/ Daniel B. Volk
DANIEL B. VOLK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 353-7955
daniel.b.volk@usdoj.gov

May 29, 2020

Attorneys for Defendant

25